UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

CHICKEN KITCHEN, LLC
d/b/a Chicken Kitchen at 400 S Dixie Highway
and ESOIL 1-27-45-0017 CORPORATION

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Chicken Kitchen, LLC doing business as Chicken Kitchen at 400 S Dixie Highway and Defendant ESOIL 1-27-45-0017 Corporation for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Chicken Kitchen, LLC (also referenced as "Defendant Chicken Kitchen," "operator," lessee" or "co-Defendant") is a Florida limited liability corporation.

6. Defendant ESOIL 1-27-45-0017 Corporation (also referenced as "Defendant ESOIL Corporation," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation which owns real property located at 400 S Dixie Highway, Coral Gables, Florida 33146, also identified as Folio 03-4120-023-2300, which is referenced throughout as "400 S Dixie Highway." Defendant ESOIL Corporation's real property consists of a commercial building built-out as a Chicken Kitchen restaurant.

## FACTS

7. Defendant ESOIL Corporation leases its 400 S Dixie Highway commercial property to co-Defendant Chicken Kitchen who operates its Chicken Kitchen restaurant within that leased space.

8. The Chicken Kitchen at 400 S Dixie Highway restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving

2

food or drink." The Chicken Kitchen at 400 S Dixie Highway restaurant which is the subject to this action is also referred to as "Chicken Kitchen at 400 S Dixie Highway (restaurant)," "restaurant," or "place of public accommodation."

9. On information and belief, Defendant Chicken Kitchen is the owner and franchisor of Chicken Kitchen brand restaurants operating throughout Florida. The Chicken Kitchen at 400 S Dixie Highway restaurant is owned and operated by Defendant Chicken Kitchen as opposed to being operated by a franchisee.

10. As the operator of a chain of chicken restaurants open to the public, Defendant Chicken Kitchen is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. As the owner of real estate which is built out as a restaurant open to the general public, Defendant ESOIL Corporation is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. Due to the close proximity of the Chicken Kitchen at 400 S Dixie Highway restaurant to Plaintiff's home, on July 29, 2021 Plaintiff went to the restaurant with the intent of purchasing a chicken meal in the dining area located therein.

13. Prior to dining at the Chicken Kitchen, Plaintiff had difficulty parking and perambulating to the restaurant entrance due to the excessive slope of the parking area. Further, when Plaintiff went to the restroom, he met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

14. While Plaintiff had purchased and ate a chicken meal at the Chicken Kitchen restaurant at 400 S Dixie Highway, Plaintiff left feeling excluded, humiliated and dejected.

15. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Chicken Kitchen 400 S Dixie Highway restaurant.

16. On information and belief, Defendant Chicken Kitchen is well aware of the need to provide equal access to individuals with disabilities as it is a growing restaurant chain which offers franchise opportunities to investors. Defendant Chicken Kitchen's failure to reasonably accommodate individuals with disabilities at its 400 S Dixie Highway Chicken Kitchen restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

17. On information and belief, as an investor in commercial property, Defendant ESOIL Corporation is aware of the ADA and the need to provide for equal access within its 400 S Dixie Highway commercial property. Therefore, Defendant ESOIL Corporation's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

18. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of the Chicken Kitchen restaurant (Defendant Chicken Kitchen) and by the owner/lessor of the commercial property which houses the restaurant (Defendant ESOIL Corporation).

19. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

20. Plaintiff lives in close proximity to the Chicken Kitchen restaurant at 400 S Dixie Highway and continues to desire to return to purchase food and drink/eat in the dining

area provided, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

21. Any and all requisite notice has been provided.

22. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

23. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

25. Prior to the filing of this lawsuit, Plaintiff personally visited the Chicken Kitchen restaurant at 400 S Dixie Highway in order to purchase and eat a meal in the dining area provided therein, however Plaintiff was denied adequate accommodation because, as a

disabled individual who utilizes a wheelchair for mobility, he met barriers to access when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

26. Defendant Chicken Kitchen (operator of the Chicken Kitchen restaurant) and Defendant ESOIL Corporation (owner/lessor of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the 400 S Dixie Highway Chicken Kitchen restaurant. This discrimination is in derogation of 42 U.S.C. §12101 *et. seq.* and is prohibited by 42 U.S.C. §12182 *et. seq*. Defendants have jointly and severally failed to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the 400 S Dixie Highway Chicken Kitchen restaurant.

28. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

30. Defendant ESOIL Corporation leases its 400 S Dixie Highway commercial space to Defendant Chicken Kitchen, which operates it Chicken Kitchen restaurant within the leased space. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.* Both Defendant ESOIL Corporation (the owner/lessor) and Defendant Chicken Kitchen (the operator/lessee) are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i. As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on slopes over 2.1%, violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. The slope of the parking lot is further in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

  ii. As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff had additional difficulty exiting his vehicle because the accessible parking space access aisles are located on a slope in excess of 2.1%, violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. This

        additional difficulty meant that Plaintiff could not perambulate with ease to the entrance of the restaurant due to the failure to provide accessible means of egress from the parking spaces to the restaurant.

iii. As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance as it does not have the required door pressure, thus the door has a non-compliant opening force which has resulted in need for excessive weight/force to open. This is violative of Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

iv. As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff was endangered and exposed to being hit by the restroom door as another customer pushed his way into the restroom because the door swings into lavatory clear floor space violating Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff could not

      enter the stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the urinal partition encroaching over the maneuvering clearance. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

vi.   As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

vii.   As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted outside the compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

    viii.    As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the fact that the lavatory/sink encroaches over the accessible water closet clear floor space.  The lavatory is mounted at 57.5" from the water closet side wall which does not provide the required clear floor space.  This is a violation of Section 604.3 of the 2010 Standards for Accessible Design. Section 604.3.1 states that clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.  Section 604.3.2 does not give an exception of overlap of the clear floor space with a lavatory/sink, only associated grab bars, dispensers, sanitary napkin disposal units, coat hooks, shelves are permitted to overlap.

    ix.    As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is mounted at a 16" in front of the water closet to the centerline of the dispenser.  This is in violation of Section 604 of the 2010 Standards for Accessible Design. Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further

      states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The toilet paper dispenser is in violation of these sections.

  x.    As to Defendant Chicken Kitchen (lessee/operator) and Defendant ESOIL Corporation (owner/lessor of the property) (jointly and severally), Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance on the pull side of the door is not provided as the lavatory encroaches, therefore the required maneuvering clearance has not been provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

31.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the 400 S Dixie Highway Chicken Kitchen restaurant accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

32.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant ESOIL 1-27-45-0017 Corporation (owner of the 400 S Dixie Highway property housing the Chicken Kitchen restaurant) and Defendant Chicken Kitchen, LLC (the operator of that Chicken Kitchen restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the 400 S Dixie Highway commercial property and the Chicken Kitchen restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 17th day of August 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*